```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                 SOUTHERN DIVISION at LONDON
```

| | |
|---|---|
| JOYCE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:08-204-JMH |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | **MEMORANDUM OPINION AND ORDER** |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

                    **       **       **       **       **

This matter is before the Court on cross motions for summary judgment [Record Nos. 13 and 14][1] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joyce Johnson filed an application for disability benefits and supplemental security income on April 29, 2004, alleging that she became disabled on November 22, 2003. Plaintiff's application was denied initially and upon reconsideration. After conducting a hearing on October 18, 2005,

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

in an opinion dated November 23, 2005, Administrative Law Judge Alderisio (the "ALJ") found Plaintiff was not disabled. On appeal to the Appeals Council, the ALJ's opinion was vacated and remanded for further development. The ALJ conducted a supplemental hearing on December 6, 2007. In a decision dated January 8, 2008, the ALJ again found that Plaintiff was not disabled. After the Appeals Council denied review of the January 8 opinion, Plaintiff appealed to this Court.

Plaintiff was thirty-six years old at the time of the January 2008 hearing decision. Plaintiff has a high school education and past work as a cashier and production line assembler. The ALJ found that while Plaintiff has the combined severe impairments of lumbar degenerative disc disease with chronic low back and neck pain, obesity, a history of headaches and dizziness, and a depressive disorder not otherwise specified, none of the impairments, nor any combination thereof, meet of medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a reduced range of medium level work that requires no more than occasional crouching or climbing of ladders, ropes, and scaffolds. Regarding Plaintiff's ability to function in a workplace setting, the ALJ found that while Plaintiff is severely limited in her ability to deal with the public, she retains a limited, but satisfactory, ability to deal

2

with work stresses and coworkers. The ALJ also found Plaintiff to be severely limited in her ability to maintain attention and concentration, although she retains a limited, but satisfactory, ability to understand, remember, and carry out simple, one or two step instructions. The ALJ further found that while Plaintiff can no longer perform her past relevant work, she can perform a significant number of jobs in the economy and thus, was not disabled.

Plaintiff asserts four arguments on appeal 1) that the opinions of treating and examining physicians prove she is totally disabled; 2) that the ALJ erred in failing to apply the Sixth Circuit pain standard; 3) that the vocational expert's ("VE") testimony proves she is disabled; and 4) that the ALJ failed to comply with the Appeals Council's remand order.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity?  If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment?  If not, the individual is not disabled.  If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart

>P of part 404 of the Social Security Regulations?  If so, the individual is disabled.  If not, proceed to step 4.
>
>4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity?  If not, the individual is not disabled.  If so, proceed to step 5.
>
>5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled.  If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility.  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279

F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

**A.  Opinions of treating and examining physicians**

In her motion for summary judgment, Plaintiff argues that the medical evidence of record proves that she is totally disabled. In support of her position, Plaintiff cites medical records and reports from both treating and examining physicians. When considering medical evidence, the opinions of treating physicians are given controlling weight if the opinion is "well-supported by medically accepted clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm. of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004).

Plaintiff cites numerous medical records and opinions, none of which lead the Court to conclude that the ALJ's findings were not supported by substantial evidence. Specifically, Plaintiff cites Dr. Hoskins' December 16, 2003 notation of Plaintiff's complaint that she has "shooting pain that runs from R hip into her R leg.

She can only sit for short periods of time because of the pain." Transcript of Record ("TR") 202.  Plaintiff also cites Dr. Hoskins' February 10, 2004, notation that Plaintiff complains of headaches daily and "[h]er neck remains stiff and painful but physical therapy gives her some relief.  She continues to complain of being nervous and having problems with both arms going numb."  TR 196.

Additionally, Plaintiff points the Court to Dr. Gilbert's April 6, 2004, notes which state:

> The patient's diagnoses: Lumbar strain, lumbar nerve root injury, thoracic degenerative disc disease, nerve root injury cervical, cervical strain/sprain, headaches unspecified vascular, headaches tension, post concussion syndrome, numbness and tingling, depression recurrent, muscle spasms, noncompliance due to tobacco use, pain with psychological medical factors, all due to an MVA dated 11/03.  I have also reviewed MRI dated 03/29/04 of her brain, which is unremarkable.

TR at 297.  Dr. Gilbert also recommended that Plaintiff be off work for six weeks.  TR at 298.

ALJ found no treating source assessment of the claimant's physical functional limitations, but considered the opinions of examining physicians Atcher and Monderwicz, which speak to Plaintiff's functional limitations.  Regarding Plaintiff's ability to function in a work setting, Dr. Atcher found:

> [O]n most days [Plaintiff] can easily understand, remember and carry through with simple tasks due to a short attention span and difficulty retaining new information.  She cannot reliably complete complex tasks and directions due to her difficulty concentrating, retaining new information and processing information effectively.  She is somewhat irritable and withdrawn and

6

>likely would not do well with supervisors or coworkers. It does not appear she would do well with the usual pressures of the work environment at this time. The prognosis for this woman is fair.

TR 308. Dr. Monderewicz found that Plaintiff was limited in "prolonged sitting and standing as well as walking, bending, squatting, lifting and carrying . . . due to the chronic back pain. Handling objects with fine manipulation with the right hand appears limited due to apparent cervical radiculopathy." TR 628.

Despite the above-referenced medical records and opinions, the ALJ's finding that Plaintiff is capable of performing a reduced range of medium work was supported by substantial evidence. A November 20, 2003, MRI of Plaintiff's lumbar spine showed only very mild degenerative disc disease, TR 220, and a November 25, 2003 CT scan of Plaintiff's brain was unremarkable. TR 221. Dr. Spady treated Plaintiff from March 2005 to April 2007 for chronic neck and back pain, indicating that her pain was well controlled with medication. TR 502, 505, 515, 517.

Dr. Monderwicz's opinion that Plaintiff had limitations in prolonged work activities does not warrant a finding of limitations greater than those found by the ALJ. The opinions of the state agency examiners who reviewed the medical records support the ALJ's finding that Plaintiff has the RFC for a limited range of medium work. The examiners' opinions are based on the objective evidence in Dr. Monderwicz's report and other evidence of record. TheALJ

7

gave them greater weight than Dr. Monderwicz's opinion, which was not supported by objective medical evidence.

The ALJ also considered Plaintiff's mental limitations, and finding his findings are supported by substantial evidence. A February 5, 2005, medical note from the White House Clinic documented that Plaintiff's depression was controlled by Wellbutrin. TR 487. On September 27, 2004, Dr. Atcher reported:

> [O]n most days [Plaintiff] can easily understand, remember and carry through with simple tasks due to a short attention span and difficulty retaining new information. She cannot reliably complete complex tasks and directions due to her difficulty concentrating, retaining new information and processing information effectively. She is somewhat irritable and withdrawn and likely would not do well with supervisors or coworkers. It does not appear she would do well with the usual pressures of the work environment at this time.

TR 308. On July 25, 2007, Dr. Lynch also found that Plaintiff can perform simple tasks, stating that "[Plaintiff's] capacity to understand, remember and carry out instructions toward performance of simple repetitive tasks is affected by the impairment with slight limitations noted. The claimant's ability to tolerate stress and pressure of day-to-day employment is affected by the impairment with moderate limitations noted." TR 634.

Regarding Plaintiff's mental impairments, the ALJ considered Dr. Atcher's 2004 consultative opinion and found that while Dr. Atcher opined that Plaintiff had a GAF of 50 with significant functional limitations, his classification is in conflict with his

8

"fair" prognosis for Plaintiff. Furthermore, the ALJ found that Dr. Atcher's opinion was contradicted by the longitudinal record, and licensed clinical social worker Pamela McGeorge placed Plaintiff's GAF in the moderate range of psychological symptoms, as did consultative examiner Dr. Lynch's July 2007 report. The moderate assessments by Dr. Lynch and Ms. McGeorge, in conjunction with the lack of inpatient treatment, the lack of formal outpatient treatment and reports of good response to psychotropic medications, support the ALJ's findings.

**B.  Allegations of pain**

Citing *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994), Plaintiff contends that the ALJ erred in failing to clearly set forth his reasons for rejecting or discrediting Plaintiff's testimony regarding her subjective complaints of pain. *Felisky*, 35 F.3d at 1036 ("If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so."). The ALJ did not err, as there was no objective medical evidence to support Plaintiff's allegations of disabling pain.

As Plaintiff notes, the Sixth Circuit Court of Appeals has set forth a two-prong test for evaluating a claimant's assertions of disabling pain.

> First, we examine whether there is objective medical
> evidence of an underlying medical condition. If there is,
> we then examine: (1) whether objective medical evidence
> confirms the severity of the alleged pain arising from
> the condition; or (2) whether the objectively established

9

> medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky*, 35 F.3d at 1038-39. The objective medical evidence did not confirm Plaintiff's allegations of disabling pain. An MRI of the cervical spine showed only mild degenerative disc disease, TR 220, an MRI of the brain was normal, TR 211, and Dr. Spady's treatment notes indicate that Plaintiff's pain was well-controlled with medication. TR 502, 505, 515, 517. Plaintiff also complained of back pain, yet Dr. Monderwicz observed that she ambulated with a normal gait and was stable at station. TR 626. Furthermore, Plaintiff's daily activities did not support her allegations of disabling pain. The ALJ cited evidence that Plaintiff is able to drive, prepare simple meals, go shopping, and regularly visits her family members. TR 27.

The ALJ considered the objective medical evidence and Plaintiff's daily activities, determining that Plaintiff's allegations of disabling pain were not fully credible. TR 29-30. The ALJ's clearly set forth his reasons for discrediting Plaintiff's allegations of pain.

**C. Vocational expert's testimony**

Plaintiff argues that the VE's testimony proves Plaintiff is totally disabled. Plaintiff relies on the following exchanges which occurred during the 2007 hearing:

10

> Pl. Atty: If I could ask the vocational expert if we assume that what [Plaintiff] says is credible, that she can't lift things, are there any jobs that she could still work in the national economy?
>
> VE: If a person were unable to lift at least ten pounds occasional and lesser weight on a frequent basis, they would be unable to perform even sedentary work and therefore would be unemployable.

TR 746.

> Pl. Atty: [Assume Plaintiff must lie down] thirty minutes for two or three times during an eight hour shift. How would that affect her ability to hold a job?
>
> VE: Such a person would be unable to maintain any competitive employment.

TR 748. Contrary to Plaintiff's contention, this testimony by the VE does not prove that Plaintiff is totally disabled. After considering the objective medical evidence and reports of Plaintiff's daily activities, the ALJ did not accept the limitations proposed in Plaintiff's hypothetical questions to the VE.

**D. Appeals Council's remand order.**

Finally, Plaintiff argues that the ALJ failed to comply with the Appeals Council's remand order dated August 31, 2007. The remand order directed the ALJ to resolve the conflict between the GAFs assigned to Plaintiff by Dr. Atcher and licensed clinical social worker Pamela McGeorge. The ALJ's most recent opinion recognized that Dr. Atcher assigned Plaintiff a GAF of 50, but also noted that Dr. Atcher classified Plaintiff's prognosis as "fair"

11

and that a GAF of 50 is inconsistent with the longitudinal record. TR 30.  The ALJ found that the moderate GAF of 55 assigned Plaintiff by Ms. McGeorge is more consistent with the entirety of the record, including Dr. Lynch's July 2007 consultative examination of Plaintiff.  TR 30.

The remand order directed the ALJ to reconcile Dr. Atcher's opinion that Plaintiff wouldn't do well with the typical pressures of the work environment with the ALJ's determination that Plaintiff is not disabled.  In response, the ALJ asked the VE to assume that Plaintiff is severely limited in her ability to deal with the public and limited in her ability to deal with supervisors and co-workers.  The VE testified that there would still be a significant number of jobs available to a person of Plaintiff's limited ability.  TR 744.  The ALJ further asked the VE to assume that Plaintiff's attention and concentration are severely limited, but that she could understand, remember and carry out simple instructions and tasks.  The VE testified that while these limitations would decrease the number of jobs available, a number of jobs would still be available to a person of Plaintiff's limited ability.  TR 745.  Contrary to Plaintiff's argument, the ALJ properly resolved the question of Plaintiff's ability to participate in the workplace setting.

Finally, the remand order directed the ALJ to explain why he found Plaintiff's allegations of pain incredible.  As previously

discussed, the ALJ stated that based upon the objective medical evidence and Plaintiff's daily activities, he did not find Plaintiff's subjective allegations of disabling pain entirely credible.  TR 29-30.

The ALJ complied with the remand order and properly resolved the conflicts identified by the Appeals Council.

### V.  CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1)  That the defendant's motion for summary judgment [Record No. 14] be, and the same hereby is, **GRANTED;** and

(2)  That the plaintiff's motion for summary judgment [Record No. 13] be, and the same hereby is, **DENIED.**

This the 20th day of May, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge